IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14–cv–01527–MSK–KMT

DYNARESOURCE DE MEXICO, S.A. DE C.V., and
DYNARESOURCE, INC.,

      Plaintiffs,

v.

GOLDGROUP RESOURCES, INC.,

      Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Kathleen M. Tafoya

      This matter is before the court on Defendant's "Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim" (Doc. No. 23 [Mot.], filed October 1, 2014), to which Plaintiffs filed their response on October 10, 2014 (Doc. No. 28 [Resp.]) and Defendant filed its reply on November 15, 2014 (Doc. No. 30 [Reply]).

### STATEMENT OF CASE

      On March 10, 2014, Plaintiffs were named by Defendant as defendants in an arbitration proceeding in Denver, Colorado, relying on an arbitration clause in a September 1, 2006, Option Agreement.  (Doc. No. 1 [Compl.], ¶ 3.)  On May 30, 2014, Plaintiffs filed their Complaint for Declaratory and Injunctive Relief in this Court seeking an order, pursuant to the Federal Arbitration Act ("FAA"), staying and enjoining the Denver arbitration.  (*See* Compl.)  Defendant moves to dismiss Plaintiffs' claims.  (*See* Mot.)

**LEGAL STANDARDS**

*1.      Lack of Subject Matter Jurisdiction*

Rule 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter

jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Dismissal under Rule 12(b)(1) is not a judgment on the

merits of a plaintiff's case.  Rather, it calls for a determination that the court lacks authority to

adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the

complaint.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal

courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically

authorized to do so).  The burden of establishing subject matter jurisdiction is on the party

asserting jurisdiction.  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  A

court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it

becomes apparent that jurisdiction is lacking."  *See Basso*, 495 F.2d at 909.  The dismissal is

without prejudice.  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see*

*also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals

for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a

disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the

complaint, without regard to mere conclusionary allegations of jurisdiction."  *Groundhog v.*

*Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  When considering a Rule 12(b)(1) motion, however,

the Court may consider matters outside the pleadings without transforming the motion into one

for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a

party challenges the facts upon which subject matter jurisdiction depends, a district court may

not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion

to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to

resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*

## ANALYSIS

### 1.    *Subject Matter Jurisdiction*

Defendant moves to dismiss Plaintiffs' case for lack of subject matter jurisdiction

because the parties are not diverse and because there is no federal question.  (*See* Mot. at 6-10.)

### A.    *Diversity Jurisdiction Under 28 U.S.C. § 1332*

Defendant contends that complete diversity does not exist in this case because foreign

defendants are present on both sides of this dispute.  (*Id.* at 7-9.)

It is well established that "[t]he party invoking federal jurisdiction bears the burden of

establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d

1220, 1224 (10th Cir. 2004).  28 U.S.C. § 1332 grants the federal district courts original

jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs, and is between . . . citizens of different states."  28

U.S.C. § 1332(a).  "[T]he presence of foreign parties on both sides of the dispute destroys the

complete diversity required by § 1332(a)(2)."  *Air Century SA v. Atlantique Air Assistance*, 447

F. App'x 879, 881 (10th Cir. 2011).

Defendant asserts that Plaintiff DynaResource de Mexico is a Mexican corporation, and

Defendant is a British Columbia corporation.  (Mot. at 8.)  Plaintiffs do not dispute this and agree

that the parties are not diverse.  (*See* Resp. at 13.)  However, this does not end the court's

inquiry, as the parties dispute whether this Court has original jurisdiction under 28 U.S.C. §

1331.  (*See* Mot. at 9-10; Resp. at 13-20.)

      **B.**      ***Original Jurisdiction Under 28 U.S.C. § 1331***

      Defendant argues this Court does not have original jurisdiction over Plaintiffs' claims.

The FAA alone cannot confer subject matter jurisdiction on the federal courts without an

independent jurisdictional basis.  *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460

U.S. 1, 25 n.32 (1983) (noting that the FAA requires an independent basis for subject matter

jurisdiction).  The FAA contains three chapters.  Chapter 2 of the FAA incorporates and codifies

the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New

York Convention").  *Boston Telecommunications Group, Inc. v. Deloitte Touche Tohmatsu*, 278

F. Supp. 2d 1041, 1045 (N.D. Cal. 2003).  The court has original jurisdiction under the New

York Convention as implemented by chapter 2 of the FAA.  9 U.S.C. § 203; *Guang Dong Light*

*Headgear Factory Co. v. ACI Int'l, Inc.*, No. 03-4165-JAR, 2005 WL 1118130, at *3 (D. Kan.

May 10, 2005).  Chapter 3 of the FAA incorporates and codifies the Inter-American Convention

on International Commercial Arbitration (the "Panama Convention").  *American Life Ins. Co. v.*

*Parra*, 269 F. Supp. 2d 519, 525 n.1 (D. Del. 2003).  The New York Convention and the Panama

Convention are largely similar; thus, precedents under one are generally applicable to the other.

*See Productos Mercantiles E Industriales, S.A. v. Faberge USA, Inc.*, 23 F.3d 41, 45 (2d Cir.

1994) ("The legislative history of the [Panama] Convention's implementing statute . . . clearly

demonstrates that Congress intended the [Panama] Convention to reach the same results as those

reached under the New York Convention" such that "courts in the United States would achieve a

general uniformity of results under the two conventions.").

The Second Circuit, which is home to the majority of lawsuits involving international arbitration in the United States[1], has held that "actions covered by the Convention are those in which the party invoking the Convention seeks either [1] the recognition of an agreement in an action to compel arbitration or [2] the enforcement of an arbitral award." *Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.*, 675 F. Supp. 146, 153 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 388 (2d Cir. 1989); *see also Scandinavian Reinsurance Co. Ltd. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012) (noting that the FAA "provides federal jurisdiction over actions to confirm or vacate an arbitral award that is governed by the [New York Convention]"). Because in *Hydra Offshore* the case involved neither an action to compel arbitration nor enforcement of an arbitration award, the court found that it did not have subject matter jurisdiction pursuant to the Convention. *See Hydra Offshore, Inc.*, 675 F. Supp. at 153. In another Second Circuit opinion, the Court stated that, "[t]here appears to be little or no basis in Second Circuit case law for invocation of the New York Convention . . . by a party seeking to *avoid* arbitration, rather than compel or aid it." *Republic of Ecuador v. ChevronTexaco Corp.*, 376 F. Supp. 2d 334, 349 (S.D.N.Y. 2005) (emphasis in original).

Defendant argues that Plaintiffs do not seek to compel arbitration or enforce an arbitration award, nor do they seek provisional remedies in aid of arbitration, and, thus, the Court does not have subject matter jurisdiction under the New York Convention. (Mot. at 10.)

In response, Plaintiffs argue that, since *Hydra Offshore*, the Second Circuit has made clear that subject-matter jurisdiction over a suit to stay or enjoin arbitration is properly found

---

[1] *See* Christopher A. Whytock, *The Arbitration-Litigation Relationship in Transnational Dispute Resolution: Empirical Insights from the U.S. Federal Courts*, Vol. 2, No. 5 World Arbitration & Mediation Review 39 (2008) (comparing the number of Convention award cases handled by each of the U.S. circuit courts since the 1960s).

under the FAA.  (Resp. at 17.)  In support of their argument, Plaintiffs cite *Goldman, Sachs & Co. v. Golden Empire Schools Financing Authority*, 764 F.3d 210 (2d Cir. 2014); and *In re American Express Financial Advisors Securities Litigation*, 672 F.3d 113 (2d Cir. 2011).  The court agrees with Defendant that these cases do not support Plaintiff's position.

In *Goldman*, the court "evaluate[d] jurisdiction by looking through to the parties' underlying substantive controversy."  764 F.3d at 213 (internal quotation marks and citations omitted).  There, the underlying arbitration concerned claims pursuant to the Securities Exchange Act of 1934, complete diversity was present between the parties, and the dispute entailed more than $75,000.  *Id.*  The *Goldman* court did not tether its jurisdiction to enjoin arbitration to the FAA.

In *American Express Financial*, the court dealt with the interplay between a class-action settlement (that prohibited the assertion of related claims against released persons) and individual class members' preexisting right to arbitration.  672 F.3d at 118.  In enjoining the class members' arbitration, the court relied on the "particular circumstances" of the case, with emphasis on the "exclusive nature" of the district court's "retention of jurisdiction over the Settlement Agreement."  *Id.* at 141 n.20.  In fact, the court explicitly declined to decide whether power to issue an anti-arbitration injunction would exist "in another case without the type of jurisdictional retention present here."  *Id.*

Plaintiffs also rely on *Societe Generale de Surveillance, S.A. v. Raytheon European Management & Systems Co.*, 643 F.2d 863 (1st Cir. 1981), arguing that "the court rejected the argument Goldgroup makes here that the FAA deprives federal courts of the power to enjoin or stay arbitration."  (Resp. at 18.)  However, *Societe Generale* court was very clear that its

jurisdictional basis was premised on diversity and that it was applying Massachusetts law.  643

F.2d at 864.  The court ultimately "conclude[d] that the district court had adequate authority

under Massachusetts law to stay the Massachusetts arbitration."  *Id.* at 868.  The applicable

Massachusetts statute explicitly provided that a court could "stay an arbitration proceeding

commenced or threatened if it finds that there is no agreement to arbitrate." *Id.* at 864 n.1

(quotation marks and citation omitted).

      "When interpreting a statute, the Court begins by examining its plain language, and if the

statutory language is clear, the Court's analysis is at an end."  *Martinez v. Nash Finch Co.*, 886

F. Supp. 2d 1212, 1218 (D. Colo. 2012).  The court agrees with Defendant that, unless it reads

additional terms into the FAA, the FAA only empowers a court to compel arbitration or

confirm/vacate an arbitral award.  Therefore, because Plaintiffs seek to avoid arbitration, this

Court does not have subject matter jurisdiction under the FAA.

## CONCLUSION

      Based on the foregoing, this court respectfully

      **RECOMMENDS** that Defendant's "Motion to Dismiss for Lack of Subject Matter

Jurisdiction and for Failure to State a Claim" (Doc. No. 23) be **GRANTED** and that Plaintiffs'

claims be dismissed for lack of subject matter jurisdiction.

## ADVISEMENT TO THE PARTIES

      Within fourteen days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A

general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059–60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th

Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 27th day of August, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge